UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

Criminal No. 19CR122(MPS)

v.

DAVID BOURNE                                        April 8, 2020

<u>GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING</u>

The United States respectfully submits this memorandum for the sentencing of the defendant David Bourne, which is scheduled for April 16, 2020.

I.      <u>INTRODUCTION AND BACKGROUND</u>

On September 24, 2019, the defendant pled guilty to one count of possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871.

II.     <u>FACTS AND CIRCUMSTANCES OF DEFENDANTS' CONDUCT</u>

The defendant faces a total maximum penalty of ten years' imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.    As set forth in the presentence report ("PSR"), the defendant's total offense level is 19 and his imprisonment range is 37 to 46 months.

III. <u>Discussion</u>

III. <u>Discussion</u>

After the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220, 243-245 (2005) rendered the Sentencing Guidelines advisory rather than mandatory, a sentencing judge is required to: "(1) calculate[] the relevant Guidelines range, including any applicable departure

under the Guidelines system; (2) consider[] the Guidelines range, along with the other § 3553(a) factors; and (3) impose[] a reasonable sentence." *See United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir. 2006); *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005). The § 3553(a) factors include: (1) "the nature and circumstances of the offense and history and characteristics of the defendant"; (2) the need for the sentence to serve various goals of the criminal justice system, including (a) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," (b) to accomplish specific and general deterrence, (c) to protect the public from the defendant, and (d) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) the kinds of sentences available; (4) the sentencing range set forth in the guidelines; (5) policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a).

The Second Circuit reviews a sentence for reasonableness. *See Rita v. United States*, 127 S. Ct. 2456, 2459 (2007). The reasonableness standard is deferential and focuses "primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a)." *United States v. Canova*, 412 F.3d 331, 350 (2d Cir. 2005).

In this case, the most significant § 3553(a) factors are the seriousness of the offense conduct, the personal characteristics of the defendant, the need for both specific and general deterrence and to provide the defendant with medical care and/or other correctional treatment.

As the offense conduct outlined in paragraphs 9-23 the PSR establishes, this case involves very serious conduct. The offense involves an identifiable victim who was the target of the defendant's conduct. At the time of the sentencing, the victim intends to address the Court

directly to express the extent of the lasting harm caused by the defendant's conduct.   This in the government's view is the most significant factor relevant to the defendant's sentencing.   As such, the sentence imposed by the Court should reflect the seriousness of the offense, promote respect for the law and provide just punishment.

Moreover, the defendant has a criminal history involving, among other things, assault, breach of peace, and violation of protective orders, and as such, specific deterrence is a very real issue in this case.   Accordingly, the Court's sentence should send a message that the defendant's decision to engage in this criminal offense carries, and will continue to carry, very significant consequences.   Another key factor in this case is general deterrence. A significant sentence here will have an impact on other individuals who are faced with the decision of whether or not to engage in criminal activity such as the illegal possession of an unregistered firearm.   In sum, a significant term of imprisonment is justified in light of the above.

V.      CONCLUSION

The Government respectfully requests that the Court impose a sentence consistent with the factors relevant to sentencing.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ Douglas P. Morabito*

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. CT20962
157 Church Street; 23rd Floor
New Haven, Connecticut    06510
(203) 821-3810

3

Douglas.morabito@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 8, 2020 a copy of the foregoing Government's Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing.   Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.   Parties may access this filing through the Court's CM/ECF System.


/s/ *Douglas P. Morabito*

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar Number: CT20962
157 Church Street, 23rd Floor
New Haven, CT 06510
(203) 821-3700